IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lametra Phillips, et al.,

      Plaintiffs,

     v.                       Case No. 2:15-cv-2620

Franklin County, et al.,

      Defendants.

OPINION AND ORDER

This is a _pro se_ action for monetary damages filed by plaintiffs Lametra Phillips and Marcus Ramos against "The County of Franklin" and "Franklin County Courts." Plaintiffs allege that they are bringing this action against Franklin County and the Franklin County Juvenile Courts for "ruining their parenting constitutional rights in signing an order to take a child from the hospital when the child wasn't even in a[n] abuse and neglecting care or dependency[.]" Doc. 1, p. 2. Plaintiffs further allege that "[t]he magistrate that sign[ed] off on this order broke laws and went over her head on signing this type of order." Doc. 1, p. 2. Plaintiffs also allege that they are bringing suit against Franklin County "for having Franklin County Children Services leave their post ... with no court order papers coming from neither judges inside of Franklin County Juvenile Courts[.]" Doc. 1, p. 2. This matter is before the court on the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The motion is unopposed.

Defendants first move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Defendants

argue that, to the extent that the complaint asserts a claim based on a magistrate's order entered in proceedings in the Franklin County Juvenile Court, plaintiffs' claim is precluded under the Rooker-Feldman doctrine.  This doctrine, derived from the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), is applied to "cases ... complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon-Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).  Where the source of the alleged injury is a state court order or decision, then the Rooker-Feldman doctrine prevents a district court from asserting jurisdiction. McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006).  As the injuries alleged in plaintiffs' complaint appear to originate with an order signed by an unidentified magistrate of the Franklin County Juvenile Court, this court lacks subject-matter jurisdiction over plaintiff's claims, and defendants' motion to dismiss pursuant to Rule 12(b)(1) well taken.

Defendants have also moved for dismissal of the complaint under Rule 12(b)(6) for failure to state a claim for relief.  In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey

v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  Id.

Defendants first argue that the "Franklin County Courts" and the "Franklin County Juvenile Courts" are not sui juris entities, and that they lack the capacity to be sued.  This court agrees. Under Fed. R. Civ. P. 17(b)(3), an entity's capacity to be sued is determined by the law of the forum state.  The Ohio Supreme Court has held that a court cannot sue or be sued in its own right. Malone v. Court of Common Pleas of Cuyahoga County, 45 Ohio St.2d 245, 344 N.E.2d 126, 128 (1976).  The Franklin County Court of Common Pleas (of which the Franklin County Juvenile Court is a branch) is not a sui juris entity which can be sued.  See Evans v. Cordray, No. 2:09-cv-587, 2012 WL 1021698 at *3-4 (S.D. Ohio, Mar. 26, 2012).  The complaint fails to state a claim for which relief can be granted against these court defendants.[1]

Defendants argue that, to the extent that the complaint may be read as asserting an individual claim against the magistrate who issued the alleged order, the magistrate is entitled to absolute

---

[1] In light of this determination, the court need not decide the issue of whether these Franklin County courts are entitled to Eleventh Amendment immunity, although the court notes that there is authority indicating that Eleventh Amendment immunity would apply. See Mumford v. Basinski, 105 F.3d 264, 269 (6th Cir. 1997); see also Ward v. City of Norwalk, No. 15-3018, 2016 WL 402975 at *2 (6th Cir. Feb. 3, 2016); Cordray, 2012 WL 1021698 at *3-4.

judicial immunity, as such a claim would arise from the performance of a judicial function.  See Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Foster v. Walsh, 864 F.2d 416, 417 (6th Cir. 1988).  This court agrees that plaintiffs' claim against the magistrate judge is barred by the doctrine of judicial immunity.

While recognizing that some courts have held that a county may be sued under §1983 based on the guidelines set forth in Monell v. Department of Social Servs., 436 U.S. 658 (1978), defendants assert that Franklin County is not a sui juris entity subject to suit under §1983.  The court need not decide the issue of whether Franklin County is an entity subject to suit under §1983, as defendants also argue that the complaint fails to state a claim against Franklin County under Monell.  The Supreme Court held in Monell that §1983 does not permit suit against a local government entity based on the theory of respondeat superior liability.  Id. at 692-94.  Rather, to state a claim against a local government entity, plaintiffs must plead facts showing that a violation of their constitutional rights occurred pursuant to an established official policy or the toleration of a custom of the entity, and that the injury suffered was directly caused by the execution of that policy or custom.  Id. at 690; Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ., 103 F.3d 495, 507-08 (6th Cir. 1996).  Plaintiffs have not alleged any facts showing the existence of an official policy or custom of Franklin County which led to a violation of their constitutional rights.  The complaint thus fails to state a claim for relief against Franklin County.  In fact, as defendants argue, the complaint fails to state a claim against either defendant, as it does not allege facts sufficient to

4

show how the Franklin County Courts or Franklin County violated plaintiff's constitutional rights.

In accordance with the foregoing, defendants' motion to dismiss (Doc. 10) is granted.  This action is dismissed pursuant to Rule 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim for relief.


Date: February 18, 2016          _____s/James L. Graham_____
                                 James L. Graham
                                 United States District Judge

5